UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE MOORE, JR. , individually, and
on behalf of all others similarly situated,

      Plaintiff,

v.                                      Case No: 8:15-cv-1885-T-17EAJ

AIA DIRECT, INC., AMERICAN
INSURANCE AGENCIES DIRECT, INC.,
AMERICAN INSURANCE AGENCIES
DIRECT OF CLEARWATER LLC,
AMERICAN INSURANCE AGENCIES
DIRECT OF GREATER TAMPA BAY
LLC, ASHLEY REINHOLD, and HANI
RIHAN,

      Defendants.

_____

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTIONS TO DISMISS

    This cause came before the Court pursuant to the motion to dismiss (Doc. No. 11) (the "**AIA Direct Motion**") filed by Defendants AIA Direct, Inc., American Insurance Agencies Direct, Inc., and Hani Rihan (the "**AIA Direct Defendants**") and the motion to dismiss (Doc. No. 12) (the "**AIA Agency Motion**," and together with the AIA Direct Motion, the "**Motions**") filed by Defendants American Insurance Agencies Direct of Clearwater, LLC, American Insurance Agencies Direct of Greater Tampa Bay, LLC, and Ashley Reinhold (the "**AIA Agency Defendants**," and together with the AIA Direct Defendants, the "**Defendants**"), as well as the omnibus response in opposition thereto (Doc. No. 16) (the "**Response**") filed by the Plaintiff, Bruce Moore, Jr. (the "**Plaintiff**"). For the reasons set forth below, the AIA Direct Motion is **DENIED**, and the AIA Agency Motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **Introduction**

The primary issues raised by the Motions are (i) whether a complaint that purports to seek certification of a "hybrid" class/collective action under 29 U.S.C. §§ 201, *et seq.* (the "**FLSA**") and Section 448.110 of the Florida Statutes (the "**Florida Minimum Wage Act**" or "**FMWA**") states a claim upon which relief can be granted, and (ii) whether a plaintiff is required to allege compliance with the notice requirements of Section 448.110(6) in order to state a claim under the FMWA.  Upon review, the resolution of the first issue is controlled by the Court's prior decision in *Scantland v. Jeffrey Knight, Inc.* Since the Court answered this question in the affirmative in *Scantland*, and the Defendants have not offered any viable bases for revisiting that ruling, the Court will adhere to its prior precedent and deny the AIA Direct Motion.  As to the second issue, however, the Plaintiff has failed to allege compliance with a necessary condition precedent to his FMWA claim.  As a result, the Plaintiff's FMWA claim will be dismissed with leave to amend.

II.   **Background**

The Plaintiff commenced this action on August 14, 2015 by filing a complaint (Doc. No. 1) against the Defendants for alleged violations of the FLSA.  On September 9, 2015, the Plaintiff filed an amended complaint (Doc. No. 7) (the "**Amended Complaint**") against the Defendant.  The Amended Complaint contains two counts: Count I is for alleged violations of the FLSA, and Count II is for alleged violations of the FMWA.  Through the Amended Complaint, the Plaintiff purports to prosecute (i) the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), and (ii) the FMWA claims as a class action under Federal Rule of Civil Procedure 23.  The AIA Direct Defendants and the AIA Agency

Defendants filed their Motions on September 23, 2015 and September 25, 2015, respectively.

Through the AIA Direct Motion, the AIA Direct Defendants seek dismissal of the FMWA claims (i) for violating 28 U.S.C. § 2072(b) (the "**Rules Enabling Act**" or "**REA**"), (ii) for being preempted by the FLSA, (iii) because the FLSA offers a superior method for adjudicating the Plaintiff's claims, and (iv) under the Court's discretion to refrain from exercising jurisdiction over such claims pursuant to 28 U.S.C. § 1367(c). The AIA Agency Defendants incorporate the grounds from the AIA Agency Motion into their motion to dismiss, and also seek dismissal of the FMWA claims for failure to allege satisfaction of a condition precedent under Section 448.110(6)(a) & (b). The Plaintiff filed the Response on October 22, 2015.

### III.   Legal Analysis

#### A.   Federal Pleading Standard[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating whether a complaint meets the federal pleading standard, the Court is not required to "accept as true" any allegations that

---

[1] In addition to arguing that the Amended Complaint should be dismissed under Rule 12(b)(6), the AIA Direct Defendants reference Rules 12(b)(2) and Rules 12(f) in the AIA Direct Motion. However, the AIA Direct Defendants do not provide any argument regarding the standards for dismissing or striking pleadings under Rules 12(b)(2) and/or (f) and, as a result, the Court will only analyze the Motions under Rule 12(b)(6). To the extent the Defendants seek dismissal and/or to strike the Amended Complaint under Rules 12(b)(2) and/or (f), the Motions are denied.

constitute legal conclusions. *Id.* Once the Court has identified the plaintiff's well-pleaded factual allegations that do not constitute legal conclusions, the Court must determine whether those allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. This, according to the Supreme Court, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not shown – that the pleader is entitled to relief." *Id.*

**B.    The Court will not dismiss the Rule 23 opt-out FMWA claims for being irreconcilably inconsistent with the opt-in FLSA collective action claims, or under any other similar theory.**

As an initial matter, the arguments raised in the AIA Direct Motion closely resemble those made previously by the AIA Direct Defendants' counsel in the case of *Scantland v. Jeffrey Knight, Inc.* In *Scantland*, the defendants asked the Court to dismiss the plaintiffs' state law wage claims brought in the context of a Rule 23 opt-out class action (i) for violating the REA, (ii) for being preempted by the FLSA, (iii) for not being superior to collective action adjudication under the FLSA, and (iv) under the Court's discretionary authority to decline to exercise supplemental jurisdiction over such claims. 2010 WL 4117683, at *4-5 (M.D. Fla. Sept. 29, 2010). The Court considered and rejected each of the *Scantland* defendants' arguments. *Id.* Here, the arguments raised in the Motions closely resemble those made in *Scantland*. Accordingly, absent (i) any discernible basis for distinguishing *Scantland* from the case at hand, or (ii) a change in the law since *Scantland* was decided, the Court will not depart from its prior precedent.

As to the first issue, the Defendants have failed to acknowledge or address the *Scantland* decision in their pleadings. Therefore, the Court is without the benefit of the Defendants' position, if any, on whether *Scantland* is distinguishable from the case at

4

hand.  Nevertheless, the Court has conducted its own independent comparison of the two cases, which reveals the following:  First, both *Scantland* and this case were decided in the same procedural context, i.e. on a motion to dismiss.  Second, unlike in the case at hand, which only involves claims under the FLSA and FMWA, *Scantland* involved claims under the FLSA, the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), as well as common law claims for unjust enrichment and conversion.  Third, the plaintiffs in *Scantland* purported to seek Rule 23 certification of their common law and FDUPA claims, along with collective action certification of their FLSA claims, while the Plaintiff in this case seeks Rule 23 certification of his FMWA claim, coupled with collective action certification of his FLSA claim.  Taken together, the only discernible difference between the two cases is that *Scantland* involved FDUPTA and Florida common law claims, while this case involves FMWA claims.  This, in the view of the Court, is a distinction without a difference, as the Defendants' arguments are premised on the irreconcilability of state law claims brought as opt-out class actions under Rule 23, on the one hand, and opt-in collective action claims under FLSA, on the other; not on distinctions between the FMWA, FDUTPA, or Florida common law claims.

As to the second issue, since *Scantland* was decided every Court of Appeals to consider these issues has rejected the arguments raised in the AIA Direct Motion. *See, e.g., Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257-265 (3d Cir. 2012) (holding that (i) FLSA and state law wage claims are not inherently incompatible, (ii) the FLSA does not preempt state wage law, and (iii) the REA does not bar certification of an opt-out class action based on state wage claims); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977-981 (7th Cir. 2011) (reversing a district court's determination that the an opt-out state

wage class action was not superior to adjudication under the FLSA, and holding that the FLSA does not limit a district court's supplemental jurisdiction over opt-out state wage claims); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243-250 (2d Cir. 2011) (finding that a district court did not abuse its discretion by exercising supplemental jurisdiction over opt-out state wage claims).   Nevertheless, the Defendants point out that some district courts within the Eleventh Circuit have refused to certify opt-out state wage claims under Rule 23 in "hybrid" class/collective actions also brought under the FLSA. *See, e.g.*, *Calderone v. Scott*, 2015 WL 4395623, at *6 (M. D. Fla. July 16, 2015) ("Where . . . the putative FLSA and FMWA classes are identical, the opt-in and opt-out procedures cannot be reconciled."); *Nadreau v. Lush Cosmetics NY, LLC*, 2012 WL 3852231, at *8 (M.D. Fla. Aug. 13, 2012) (finding that "a rule 23 sub-class . . . brought in a hybrid action with the FLSA Count is not a superior method of adjudicating Count II").

Even if the Court were inclined to revisit its precedent from *Scantland* based on these authorities, the *Calderone* and *Nadreau* cases are distinguishable in two important respects.   First, both decisions rely on the former Fifth Circuit's *LaChappelle* decision, which stands for the proposition that the class action procedures under Rule 23 and the FLSA "are mutually exclusive and irreconcilable." *LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).   Stated differently, *LaChappelle* prohibits a plaintiff from bringing an FLSA action as an opt-out class action under Rule 23. *Id.*   Importantly, however, *LaChappelle* did not involve "hybrid" collective/class actions under the FLSA and FMWA.   To the contrary, *LaChappelle* involved the entirely different issue of whether a plaintiff could bring an ADEA action as a class action under Rule 23. *Id.* at 287.   As a

result, *LaChappelle* is silent regarding whether FLSA and FMWA "hybrid" collective/class

actions are mutually exclusive, as the issue was never raised in *LaChappelle*.

Second, the *Calderone* and *Nadreau* cases were decided in the context of motions

to certify "hybrid" class/collective actions under Rule 23(b)(3) and the FLSA; not at the

pleadings stage. *Nadreau*, 2012 WL 3852231, at *1; *Calderone*, 2015 WL 4395623, at

*5. As a result, *Calderone* and *Nadreau* do not speak to the precise issue in this case,

namely whether a "hybrid" collective/class action under the FLSA and FMWA states a

claim upon which relief can be grated. Given the substantial body of appellate caselaw

holding that such "hybrid" actions are permissible, the Court will not depart from its own

precedent in *Scantland*. As a result, the Court concludes that this "hybrid" collective/class

action does not fail to state a claim upon which relief can be granted due to any

irreconcilability between the opt-out procedures under Rule 23 and the opt-in procedures

under the FLSA.[2]

### C.     The FMWA claim must be dismissed for failure to allege compliance with Section 448.110(6) of the Florida Statutes.

Section 24, Article X of the Florida Constitution states that "[a]ll working Floridians

are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy

life for them and their families. Fla. Const. Art. X, § 24. As a means of enforcing this

policy, Section 24(e) authorizes employees to bring a civil action to enforce the provisions

of Section 24, Article X of the Florida Constitution. *Throw v. Republic Enter. Sys., Inc.*,

---

[2] This ruling is without prejudice to the Defendants' right to re-assert such arguments at an appropriate future juncture of this case, including in response to any motion for class certification, or in the event the Court enters summary judgment on the FLSA claim. *See Scantland*, 2010 WL 4117683, at *4-5.

2006 WL 1823783, at *1 (M.D. Fla. June 30, 2006).   Section 24(f) further states that "implementing legislation is not required to enforce the constitutional provision." *Id.*

Section 448.110 of the Florida Statutes, on the other hand, "was enacted by the Legislature in order to implement the provisions of Section 24, Article X." *Id.* at *2. "Section 448.110 replicates the provisions of Section 24 and adds additional provisions." *Id.*   In particular, Section 448.110(6)(a) "requires potential plaintiffs to notify their employers in writing of their intent to file suit." *Id.*   While it may not be necessary for a plaintiff to "fulfill the notice requirements found in [Section] 448.110(6)(a) in order to allege a violation of Section 24," a plaintiff who seeks relief under Section 448.110 must "fulfill the conditions precedent of bringing such an action." *Id.* at *2-3.

Here, the Amended Complaint contains two causes of action: Count I, which seeks damages under the FLSA, and Count II, which seeks damages under Section 448.110. The Amended Complaint does not contain any claim for violations of Section 24, Article X of the Florida Constitution and, as a result, the exception to the notice requirement from *Throw* is inapplicable.   Since the Plaintiff has failed to allege compliance with a necessary condition precedent to its FMWA claim, Count II of the Amended Complaint fails to state a claim upon which relief can be granted.   Therefore, the Plaintiff's FMWA claim is dismissed with leave to amend.

IV.   **Conclusion**

Accordingly, it is

**ORDERED** that the AIA Direct Motion is **DENIED**, and the AIA Agency Motion is **GRANTED IN PART AND DENIED IN PART**.   Count II of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.   The Plaintiff shall file any second amended complaint as to Count II within twenty-one (21) days from entry of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 26th day of January, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Parties and Counsel of Record